## COURTADE *v.* CHAMBERLAIN et al.

The administrator of a succession, being an officer appointed by the court for the discharge of certain duties, must be considered always present in court, like a party to proceedings there pending; and no prescription can commence to run in his favor before the homologation of his account.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Thompson*, for the plaintiff. *W. H. Hunt*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. This cause was tried *ex parte*. It is said that a sufficient interval, under the rule of the court, had not elapsed between the time of setting for trial, and the day of trial. It would be with reluctance that we would reverse an intrepretation of his own rule by a district judge, except in a very clear case of error; and we will express no opinion on the point, as, on other grounds, we have determined to remand the case.

The object of this action is to impose on the heirs of *Chamberlain*, one of whom is a minor, a responsibility for the gross amount of the inventory of the estate of *Laglaise*, of which *Chamberlain* was appointed administrator, in 1832. After *Chamberlain's* death, the present plaintiff took out, in 1846, letters of administration of *Laglaise's* succession. The heirs of *Chamberlain* answered that he had undertaken the succession merely to protect the interest of one *Borgas*, whose agent he was, and who held a privileged claim sufficient to absorb the succession; that *Chamberlain* was also a creditor of *Laglaise*, for an amount exceeding his gross estate. Interogatories were propounded to the plaintiff pertinent to the defence.

At the trial of the cause, in the absence of the defendants, the plaintiff offered what it is reasonable to believe are detached portions of the record of *Laglaise's* succession, and not the entire record. The gross inventory was $469, consisting

of a few articles of merchandize, and various notes for small sums made by several parties. An order of sale was made, upon the suggestion that the property was perishable. The result of the sale does not appear.

The judgment given against the heirs of *Chamberlain* upon this evidence, is for the gross amount of the inventory, $469. If the assets realized that amount, *Chamberlain* would, at least, have been entitled to credit for his commissions.

We are not disposed to shield administrators of estates; but, on the contrary, to scrutinize their acts closely. But looking to the proceedings and evidence in this case as a whole, we cannot divest ourselves of the belief that the judgment is excessive, and that the ends of justice will be promoted by remanding the cause.

With regard to the plea of prescription, we have to remark that it is clearly untenable, so far as the running of prescription during *Chamberlain's* life is claimed. *Chamberlain* was an officer, appointed by the court to discharge certain duties. As such, he must be considered as present before the court, in the nature of a party in proceedings there pending. Prescription had no commencement in his favor, at least, before the homologation of an account. As there is no evidence to establish the date of his death, it is unnecessary to consider what term of prescription would apply in favor of his heirs.

It is decreed, therefore, that the judgment of the court below be reversed, and that this cause be remanded for a new trial; the appellee paying the costs of this appeal. ·